# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **KENT SULLENS**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 866 |
| | ) |
| **KARA GRAHAM**; et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

During today's previously scheduled status hearing in this action, counsel for the only defendant whose answer to the Complaint was not part of the pleadings in this Court's chambers file -- Kara Graham ("Graham") -- appeared and advised this Court that such an answer had in fact been filed yesterday and that he would take care of delivering a Judge's Copy to this Court's chambers promptly (see this District Court's LR 5.2(f)). Graham's counsel was as good as his word, but regrettably this Court's review of that pleading confirms that counsel must return to the drawing board to cure a virtually all-pervasive error in that pleading.

Apart from a comparatively modest number of admissions and denials that conform to the obligation imposed on a responsive pleader by Fed. R. Civ. P. ("Rule") 8(b)(1)(B),[1] the vast bulk of the responses (Answer ¶¶ 4, 6-16, 18-23, 25, 28-35, 39, 40, 46-51, 53, 59-64, 67-70 and 84) disclose that Graham's counsel has joined the regrettably large number of defense counsel who inexplicably fail to follow the unambiguous roadmap provided by Rule 8(b)(5) as the basis for getting the benefit of a deemed denial of an allegation that cannot in good conscience be

---

[1] This Court is not of course opining on the truthfulness or lack of truthfulness of the Complaint's allegations or the answers to those allegations -- the text merely speaks of the correctness of the form of the latter: "admit" or "deny."

either admitted or denied. In that respect, see App'x ¶ 5 to this Court's opinion in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). All of the cited paragraphs are accordingly stricken, with leave granted to file an Amended Answer on or before April 25, 2014.[2]

To avoid requiring any reader (whether plaintiff's counsel, this Court or anyone else) to flip back and forth between different pleadings to see just what is and what is not put in issue, the Amended Answer should be self-contained (except that there is no need to repeat the affirmative defenses ("ADs") that follow the Answer itself, for no change is ordered here as to that component of the responsive pleading -- although once again no view is expressed by this Court as to the substantive viability or nonviability of those ADs).

Finally, because it would be inappropriate to require Graham to pay for the extra lawyers' work involved in correcting counsel's pleading errors by drafting the do-over ordered here, no charge is to be made to her for the time and expense involved. Graham's counsel are ordered to apprise her of this directive by letter, in addition to sending her a copy of this memorandum order -- and counsel are further directed to transmit a copy of that forwarding letter to this Court's chambers (purely as an informational matter, not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: April 9, 2014

---

[2] In addition to tracking the language of Rule 8(b)(5) faithfully -- that is, if the disclaimers can be asserted in the subjective and objective good faith demanded by Rule 11(b) -- the revised answers should of course omit the meaningless demand for "strict proof."