IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KENT SULLENS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 866 |
| | ) | |
| **KARA GRAHAM**; et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Kara Graham ("Graham") is one of the defendants in this action in which Kent Sullens ("Sullens") -- formerly an administrator for Community High School District No. 117 ("the District") -- has sued, asserting a claim that Graham and others had unlawfully accessed, reviewed, downloaded, published and otherwise used items in Sullens' personal computer e-mail account without his knowledge, consent or authorization. This memorandum order is issued sua sponte to address a few problematic aspects of the affirmative defenses ("ADs") that Graham has included in her responsive pleading to Sullens' Complaint.[1]

As to AD 1, which asserts that Sullens used the District's information technologies for purposes other than those permitted by policies established by the District's board, it takes the position that Sullens has waived his right to privacy as a result. That contention commits the common error of conflating the concept of waiver (a voluntary surrender of some right) with forfeiture (a consequence that is inflicted on someone as a matter of law). That certainly makes a difference, for a waiver -- something that Sullens clearly did not intend -- could knock out his

---

[1] As always, this memorandum order expresses no views as to the merits of (or the lack of merit in) Sullens' substantive claim, instead treating his allegations as true for AD purposes (see App'x ¶ 5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)).

claim at the threshold, while if a possible forfeiture is at issue the "unclean hands" that Graham ascribes to Sullens do not necessarily render his claim nonactionable (remember that the gravamen of that claim is one that acribes unclean hands to Graham and her codefendants).

In any event, this Court will not now require Graham's counsel to correct the mislabeling spoken of here. Instead the posture of AD 1 will remain for future resolution based on further developments in the case.

Much the same is true of ADs 2 and 3, which are predicated on notions of estoppel. Again it remains for future determination whether the conduct ascribed to Sullens in AD 1 permitted Graham and other defendants to infringe, without being held accountable at law, on what would otherwise be Sullens' right to privacy in his personal e-mail account.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 29, 2014