UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENT SULLENS,<br><br>        Plaintiff,<br><br>    v.<br><br>KARA GRAHAM, et al.,<br><br>        Defendants. | No. 14 CV 866<br><br>Judge Manish S. Shah |

## ORDER

Plaintiff's motion to strike [28] is granted in part, denied in part. Plaintiff's motion to strike [30] is granted. The affirmative defense of unclean hands is stricken, the estoppel and lack of causation allegations are not stricken.

## STATEMENT

Plaintiff moves to strike the allegations of estoppel, lack of causation, and unclean hands from defendants' answers. [28], [30]. Pursuant to Fed. R. Civ. P. 12(f), I may strike an insufficient defense from a pleading, but I am not required to strike it. Motions to strike are generally disfavored, and in my view, affirmative defenses that are inadequately pled should be stricken if doing so will create efficiencies in the pretrial process. Defendants often plead conclusory affirmative defenses that do not provide much factual notice to the plaintiff, but at the same time, do not complicate discovery. Similarly, defendants often allege argumentative denials that are not true affirmative defenses. Whether these denials are in the pleadings or not, discovery is likely to be had on the facts connected to the claims. Absent a showing from the movant that it will suffer some prejudice from the existence of these allegations in the pleadings, a motion to strike does not materially advance the litigation. If, however, an affirmative defense is incorrect as a matter of law, that defense should be stricken to ensure the parties are not operating under a flawed understanding of the operative legal principles in the case.

Defendant Graham's third affirmative defense is that "[n]o alleged acts or conduct alleged against Defendant [Graham] was the legal cause of any injury or damage as alleged by Plaintiff, Kent Sullens." Plaintiff argues that this is duplicative of Graham's denials, because causation is an element that the plaintiff has to prove. I agree with plaintiff that this is not a true affirmative defense; it is an argumentative

denial. But, I decline to strike the allegation because plaintiff has not demonstrated any prejudice from it—causation is an issue in the case whether it is in Graham's answer or not.

Defendant Graham's second affirmative defense is that "the Plaintiff should be estopped from asserting the claims set forth in his Complaint." I agree with plaintiff that this is a boilerplate, conclusory invocation of an estoppel defense. But Graham's briefs demonstrate that the "estoppel" defense is closely related to what Judge Shadur called the "forfeiture" affirmative defense. *See* [27]. That is, defendant Graham alleges certain facts that she says show that plaintiff did not have an expectation of privacy in his personal email account, as accessed through work computers. Plaintiff has not moved to strike that forfeiture defense, so that issue, and those alleged facts, are in the case. Graham's estoppel defense simply adds that plaintiff was silent in the face of those alleged facts, and Graham relied on that silence. Leaving those allegations in the case does not meaningfully change the pretrial process. I decline to strike the estoppel defense. Whether the defense has any merit is an issue for another day.

Plaintiff also moves to strike the affirmative defense of unclean hands, pleaded by all defendants. The complaint alleges that the defendants accessed plaintiff's personal email account, without permission, and read his private emails. Defendants say that they have an unclean hands defense because plaintiff stole some school property, and emails that defendants found in plaintiff's personal email account prove the theft. In moving to strike, plaintiff argues, among other things, that his alleged misconduct is too far removed from defendants' violations of privacy to support an unclean hands defense.

Plaintiff is correct that unclean hands does not apply unless there is a connection between the plaintiff's misconduct and the claims he is asserting against the defendants. The Supreme Court has said that the plaintiff's wrong must be a "willful act *concerning the cause of action*" such that plaintiff is "tainted with inequitableness or bad faith *relative to the matter in which he seeks relief.*" *Precision Instrument Manufacturing Company v. Automotive Maintenance Machinery Company*, 324 U.S. 806, 814–15 (1945) (emphasis added); *see also Packers Trading Company v. Commodity Futures Trading Commission*, 972 F.2d 144, 148–49 (7th Cir. 1992). The doctrine of unclean hands should not be used to defeat a suit simply because the plaintiff is guilty of some other, unrelated misconduct. *See American Hospital Supply Corporation v. Hospital Products, Ltd.*, 780 F.2d 589, 601 (7th Cir. 1986). The goal of the unclean hands defense is to prevent the plaintiff from acting unfairly, deceitfully, or in bad faith, and then coming to court to seek to gain from his

transgression. *See Young v. Verizon's Bell Atlantic Cash Balance Plan*, 615 F.3d 808, 822 (7th Cir. 2010).*

Here, plaintiff brings suit for unlawful access of his personal email account. That is not sufficiently related to whether he, at some earlier point, stole school property such that he is barred from court on his claims. That remains true even if, by reading his emails, defendants were able to confirm plaintiff's theft. By complaining about having his email account improperly accessed, plaintiff is not seeking to gain from having stolen school property. Therefore, even if defendants' allegations are true, they are not entitled to an unclean hands defense simply because plaintiff engaged in theft. I strike the unclean hands affirmative defense (and I do not reach the other arguments raised in favor of striking it).

Plaintiff's alleged theft may still be relevant. His damages may be informed by his prior conduct, and his credibility may also be tested by prior acts. Moreover, if his conduct bears on his expectation of privacy in his email account, that may be relevant.

Plaintiff's motion to strike [28] is granted in part, denied in part. Plaintiff's motion to strike [30] is granted. The affirmative defense of unclean hands is stricken, the defenses of estoppel and lack of causation are not stricken.

ENTER:

Date: 12/1/14

Manish S. Shah
U.S. District Judge

---

* Unclean hands is an equitable doctrine, generally raised as a defense to an equitable remedy sought by the plaintiff. *See Shondel v. McDermott*, 775 F.2d 859, 867–69 (7th Cir. 1985); *see also Young*, 615 F.3d at 822 (under unclean hands, equitable relief will be refused if it would give the plaintiff a wrongful gain) (quotation and citation omitted). In this case, plaintiff seeks only compensatory and punitive damages; doctrinally, unclean hands does not fit as a complete defense to these remedies. But, as the Seventh Circuit has noted, "[t]oday, 'unclean hands' really just means that in equity as in law the plaintiff's fault, like the defendant's, may be relevant to the question of what if any remedy the plaintiff is entitled to." *Shondel*, 775 F.2d at 868.